

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00332-CV

## IN RE MIKE HICKS

### Original Proceeding

## OPINION

Relator, Mike Hicks, has filed "Relator's Motion for Emergency Relief and Request for Stay." The motion, purportedly filed pursuant to Texas Rule of Appellate Procedure 52.10, requests that we stay the effect of an order which requires compliance by 10:00 AM on October 13, 2016. The motion indicates that the "Relator will be filing a Petition for Writ of Mandamus subsequent to the filing of this Motion." The referenced petition has not been filed. The trial court's order and any other documents, such as a record of events in the trial court that resulted in the order, are not attached to the motion. *See* TEX. R. APP. P. 52.3(k); 52.7. The motion is not verified as required for a petition for writ of mandamus and the supporting record. *See id*. 52.3(j).

The Relator's motion is premature. The filing of original proceedings in the

appellate courts is governed by Section Three of the Texas Rules of Appellate Procedure.

Rule 52.1 specifies how such a proceeding is commenced in an appellate court.

Specifically it provides:

> **52.1. Commencement**
> An original appellate proceeding seeking extraordinary relief — such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto — is commenced by filing a petition with the clerk of the appropriate appellate court. The petition must be captioned "*In re* [name of relator]."

TEX. R. APP. P. 52.1. Further, Rule 52.10 expressly contemplates a pending petition for writ of mandamus when a motion for temporary relief is filed. The rule provides, in part:

> "The relator may file a motion to stay any underlying proceedings or for any other temporary relief pending the court's action on the petition."

TEX. R. APP. P. 52.10(a). Moreover, the rule provides the Court can grant temporary relief "pending the court's action on the petition." *Id*. (b).

While we are not prepared to hold that in no circumstance would we consider a motion for emergency relief and requesting a stay of a trial court proceeding or order without a pending petition for writ of mandamus, we do not believe this proceeding evidences the extraordinary circumstances that would justify such an action by the court. Accordingly, we dismiss "Relator's Motion for Emergency Relief and Request for a Stay" without prejudice to filing such a motion after a petition for writ of mandamus has been filed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motion dismissed
Opinion delivered and filed October 13, 2016
[OT06]

